1  WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9   Terry Miel,                                No.  CV 13-2125-PHX-RCB (MHB)

10                      Plaintiff,

11       vs.                                           **O R D E R**

12

13  Maricopa County Sheriff, et al.,

14                      Defendants.

15         On October 18, 2013, Plaintiff Terry Miel, who is confined in the Federal

16  Correctional Institution Phoenix in Phoenix, Arizona, filed a *pro se* civil rights Complaint

17  pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a

18  December 27, 2013 Order, the Court granted the Application to Proceed and dismissed

19  the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30

20  days to file an amended complaint that cured the deficiencies identified in the Order.

21         On January 16, 2014, Plaintiff filed his First Amended Complaint (Doc. 7).  The

22  Court will dismiss the First Amended Complaint with leave to amend.

23  **I.     Statutory Screening of Prisoner Complaints**

24         The Court is required to screen complaints brought by prisoners seeking relief

25  against a governmental entity or an officer or an employee of a governmental entity.  28

26  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

27  has raised claims that are legally frivolous or malicious, that fail to state a claim upon

28

JDDL-K

1    which relief may be granted, or that seek monetary relief from a defendant who is
2    immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3         A pleading must contain a "short and plain statement of the claim *showing* that the
4    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
5    does not demand detailed factual allegations, "it demands more than an unadorned, the-
6    defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
7    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
8    conclusory statements, do not suffice."  *Id.*

9         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
12   content that allows the court to draw the reasonable inference that the defendant is liable
13   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
14   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
15   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
16   specific factual allegations may be consistent with a constitutional claim, a court must
17   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
18   at 681.

19        But as the United States Court of Appeals for the Ninth Circuit has instructed,
20   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
21   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
22   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
23   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24        If the Court determines that a pleading could be cured by the allegation of other
25   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
26   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The
27   Court should not, however, advise the litigant how to cure the defects.  This type of
28   advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

*Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his two-count First Amended Complaint, Plaintiff appears to sue only Maricopa County Sheriff Joseph M. Arpaio, the only person or entity listed on page one of the Complaint.  Plaintiff failed to include page two of the court-approved complaint form, wherein he is required to name all Defendants he is suing.  Plaintiff seeks $1.5 million in compensation and release for alleged violations of his constitutional rights while confined at the Maricopa County Towers Jail in Phoenix, Arizona.

Plaintiff does not state when the alleged violations of his constitutional rights occurred, but in Count I he alleges that he was not served three meals a day and that Sheriff Arpaio's procedures allowed "only (one) hot meal with no calories count." Plaintiff received a bag of peanut butter and bread as a meal and "per Joseph M. Arpaio [Plaintiff] was denied [his] relishes (sic) meal."  Plaintiff received a hot meal "per Josep[h] M. Arpaio" with foreign objects and "no calories count."  Plaintiff alleges that he suffered extreme weight loss, a chipped tooth, and a broken lower denture, and that it is very hard to eat with no teeth.

In Count III,[1] Plaintiff alleges that he was denied constitutionally adequate medical care and that Arpaio instructed the medical staff to deny Plaintiff medical treatment for a broken tooth, a broken lower denture, or a TB test.  According to Plaintiff, Detention Officers said they are instructed by Arpaio "that indigent hygiene[e] is not available for 3 weeks" and they do not supply toothpaste, a comb, or shampoo.

. . . .

. . . .

---

[1] Plaintiff did not include a Count II or page four of the court-approved complaint form, where Count II is found.

**III.    Failure to Comply with Rules and Instructions in the First Amended Complaint**

Plaintiff has failed to comply with the rules and instructions for completing the court-approved form complaint.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief."  To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  The Instructions for completing the court-approved form complaint state in relevant part:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  *The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.*  If needed, you may attach additional pages, but **no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages.  If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

(Instructions at 1) (italics added).  In addition, the Instructions provide that:

> Defendants.    Print all of the requested information about each of the defendants in the spaces provided.    If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labels "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2."

(Instructions at 3.)

In his First Amended Complaint, Plaintiff fails to include page two of the complaint form where he is required to list all of the Defendants he is suing, their positions and titles, and where they work.  The First Amended Complaint, therefore, fails to comply with the instruction that all questions "be answered clearly and concisely in the appropriate space on the form."  Without this information about the Defendants Plaintiff

is suing, the Court cannot meaningfully review Plaintiff's First Amended Complaint. For these reasons, the First Amended Complaint will be dismissed.

Plaintiff will be provided an opportunity to submit a second amended complaint that complies with the Instructions and rules. Plaintiff should carefully follow the Instructions in completing a second amended complaint. He should set forth only one claim per count. For each count, Plaintiff should summarize facts to support the constitutional right violated, by whom, when and where, and how each defendant violated the right.

**IV.    Failure to State a Claim**

In addition to non-compliance with the Instructions and rules, the First Amended Complaint fails to state a claim. To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Sheriff Arpaio**

To the extent Plaintiff is attempting to sue Maricopa County Sheriff Arpaio, his claims fail. While the Sheriff may be sued for constitutional violations, Plaintiff fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citation omitted). Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a

1   plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*

2   *of the City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045

3   (9th Cir. 1989) (citation omitted).  A supervisor in his individual capacity "is only liable

4   for constitutional violations of his subordinates if the supervisor participated in or

5   directed the violations, or knew of the violations and failed to act to prevent them."

6   *Taylor*, 880 F.2d at 1045.

7       Plaintiff fails to allege that the Sheriff directly violated his constitutional rights.

8   Moreover, aside from conclusory allegations that the sheriff's procedures or instructions

9   led to the denial of Plaintiff's constitutional rights, Plaintiff does not allege facts to

10   support that Plaintiff's constitutional rights were violated as a result of a specific policy

11   or custom promulgated or endorsed by the Sheriff.  Accordingly, Plaintiff fails to state a

12   claim against Sheriff Arpaio.

13       **B.    Food**

14       Because Plaintiff has failed to state a claim against a properly named Defendant,

15   his Complaint will be dismissed with leave to amend.  If Plaintiff files an amended

16   Complaint, he should be aware that a pretrial detainee's claim for unconstitutional

17   conditions of confinement arises from the Fourteenth Amendment Due Process Clause

18   rather than from the Eighth Amendment prohibition against cruel and unusual

19   punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Nevertheless, the same

20   standards are applied, requiring proof that the defendant acted with deliberate

21   indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citation omitted).

22       Deliberate indifference is a higher standard than negligence or lack of ordinary

23   due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  To

24   state a claim of deliberate indifference, plaintiffs must meet a two-part test.  First, the

25   alleged constitutional deprivation must be, objectively, "sufficiently serious"; the

26   official's act or omission must result in the denial of "the minimal civilized measure of

27   life's necessities."  *Id.* at 834 (citations omitted).  Second, the prison official must have a

28   "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to

inmate health or safety.  *Id.* (citations omitted).  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."  *Id.* at 837 (emphasis added).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety.  *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  Whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions.  *Keenan v. Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).  "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred."  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

With respect to meals, "[t]he Eighth [and Fourteenth] Amendment[s] require[] only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."  *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation omitted); *see Frost*, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of confinement).  "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  *LeMaire*, 12 F.3d at 1456 (citations omitted).  An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time.  *Id.*  Here, Plaintiff fails to allege basic facts such as when he was deprived of constitutionally adequate food, by whom, or how long the alleged deprivation lasted.  As such, Plaintiff's claims in Count I fail.

1

### C.    Medical Care

2      Not every claim by a prisoner relating to inadequate medical treatment states a

3  violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

4  plaintiff must show that the defendants acted with "deliberate indifference to serious

5  medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*

6  *Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need"

7  by demonstrating that failure to treat the condition could result in further significant

8  injury or the unnecessary and wanton infliction of pain and (2) the defendant's response

9  was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

10      "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

11  1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

12  both know of and disregard an excessive risk to inmate health; "the official must both be

13  aware of facts from which the inference could be drawn that a substantial risk of serious

14  harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  Deliberate

15  indifference in the medical context may be shown by a purposeful act or failure to

16  respond to a prisoner's pain or possible medical need and harm caused by the

17  indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a

18  prison official intentionally denies, delays, or interferes with medical treatment or by the

19  way prison doctors respond to the prisoner's medical needs.  *Estelle*, 429 U.S. at 104-05;

20  *Jett*, 439 F.3d at 1096.

21      Deliberate indifference is a higher standard than negligence or lack of ordinary

22  due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor

23  gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*

24  *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

25  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

26  "medical malpractice" do not support a claim under § 1983).  "A difference of opinion

27  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

28  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care,

without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

In his First Amended Complaint, Plaintiff fails to allege that he suffered a serious medical need, the nature of that serious medical need, and who acted with deliberate indifference toward that serious medical need.  Accordingly, Plaintiff fails to state a claim for denial of constitutionally adequate medical care.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Further, if Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

1  Plaintiff must clearly designate on the face of the document that it is the "Second
2  Amended Complaint."  The second amended complaint must be retyped or rewritten in
3  its entirety on the court-approved form and may not incorporate any part of the original
4  Complaint or First Amended Complaint by reference.  Plaintiff may include only one
5  claim per count.

6  A  second  amended  complaint  supersedes  the  original  Complaint  and  First
7  Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal*
8  *Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After
9  amendment, the Court will treat the original Complaint and First Amended Complaint as
10  nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the
11  original complaint or first amended complaint and that was voluntarily dismissed or was
12  dismissed without prejudice is waived if it is not alleged in a second amended complaint.
13  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

14  **VI.  Warnings**

15  **A.  Release**

16  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
17  release.  Also, within 30 days of his release, he must either (1) notify the Court that he
18  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to
19  comply may result in dismissal of this action.

20  **B.  Address Changes**

21  Plaintiff must file and serve a notice of a change of address in accordance with
22  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion
23  for other relief with a notice of change of address.  Failure to comply may result in
24  dismissal of this action.

25  **C.  Copies**

26  Plaintiff must submit an additional copy of every filing for use by the Court.  *See*
27  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further
28  notice to Plaintiff.

JDDL-K

- 10 -

**D.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 7) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

1    (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2    civil rights complaint by a prisoner.

3         DATED this 3rd day of April, 2014.

4

5

6                                                    Robert C. Broomfield
                                                     Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , <br> (Full Name of Plaintiff)  Plaintiff, <br><br> vs. <br><br> (1) _____ , <br> (Full Name of Defendant) <br> (2) _____ , <br><br> (3) _____ , <br><br> (4) _____ , <br> Defendant(s). <br> ☐ Check if there are additional Defendants and attach page 1-A listing them. | CASE NO. _____ <br> (To be supplied by the Clerk) <br><br><br> **CIVIL RIGHTS COMPLAINT** <br> **BY A PRISONER** <br><br> ☐ Original Complaint <br> ☐ First Amended Complaint <br> ☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                                      1                                      **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
               (Position and Title)                              (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
               (Position and Title)                              (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
               (Position and Title)                              (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
               (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail         ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?                ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?       ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
 a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes   ☐ No
 b.   Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
 c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
 d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                     DATE                                           SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.