WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Terry Miel,

          Plaintiff,

vs.

Maricopa County Sheriff, et al.,

          Defendants.

No.  CV 13-2125-PHX-RCB (MHB)

**O R D E R**

On October 18, 2013, Plaintiff Terry Miel, who is confined in the Federal Correctional Institution Phoenix, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a December 27, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 16, 2014, Plaintiff filed his First Amended Complaint.  In an April 9, 2014 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 25, 2014, Plaintiff filed a Second Amended Complaint (Doc. 10).  The Court will order Defendant Arpaio to answer the insufficient food allegations in Count

1  One of the Second Amended Complaint and will dismiss the remaining claims and
2  Defendants without prejudice.

3  **I.     Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or an officer or an employee of a governmental entity.  28
6  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
7  has raised claims that are legally frivolous or malicious, that fail to state a claim upon
8  which relief may be granted, or that seek monetary relief from a defendant who is
9  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10        A pleading must contain a "short and plain statement of the claim *showing* that the
11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
12  does not demand detailed factual allegations, "it demands more than an unadorned, the-
13  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
14  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
15  conclusory statements, do not suffice."  *Id.*

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
17  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
19  content that allows the court to draw the reasonable inference that the defendant is liable
20  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible
21  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
22  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's
23  specific factual allegations may be consistent with a constitutional claim, a court must
24  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
25  at 681.

26        But as the United States Court of Appeals for the Ninth Circuit has instructed,
27  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
28  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

In his Second Amended Complaint, Plaintiff names the following Defendants: Maricopa County Sheriff Joseph M. Arpaio; Maricopa County Jail Captain John Doe; Maricopa County Jail Physician John Doe #2; and Maricopa County Jail Dentist John Doe #3. Plaintiff seeks damages.

Plaintiff asserts three claims for alleged unconstitutional conditions of confinement and denial of medical care while he was incarcerated in the "Maricopa County Jail"[1] from September 25, 2013 to January 24, 2014.

Plaintiff alleges the following facts in support of Count One: During the time he was incarcerated in the Maricopa County Jail, Plaintiff did not receive enough food, causing him to lose over 70 pounds. Plaintiff suffered severe weight loss which caused him a great deal of physical pain and health complications that he is currently addressing at a medical facility. Plaintiff was told that "the amount of food and its type is [] under the policies, procedures and control of Defendant Arpaio."

Plaintiff also alleges in Count One that he was forced to live with two other inmates "without any hygiene items, no showers for long periods of time," and on lock down "for months at a time with no meaningful exercise." Plaintiff was told that "the rules, policies and procedures for putting 3 men in a 2 man cell (overcrowding) has also been approved under the command of Defendant Arpaio and the Captain of the jail, Defendant John Doe," and that both Arpaio and John Doe made the decisions regarding lock downs, showers, and hygiene. Plaintiff states that he suffered "emotional trauma" for which he takes medication and he is being treated by a psychologist.

---

[1] The Court notes that at the time Plaintiff filed his original Complaint, he was confined in the Maricopa County Towers Jail and he named the Towers Jail as a Defendant in that Complaint. In his First Amended Complaint, Plaintiff asserts that the alleged violations occurred at the Towers Jail. The Court presumes Plaintiff is still referring to Towers Jail in his Second Amended Complaint.

Plaintiff alleges the following facts in Count Two: Defendants Arpaio and Captain John Doe #1 "set up the policies and procedures and control the food and medical care given at the Maricopa County Jail." Plaintiff was not given enough food as a pre-trial detainee between September 25, 2013 and January 24, 2014, causing him to lose over 70 pounds and resulting in "severe physical injury." Plaintiff requested help "from the medical staff," but Defendant John Doe #2 "denied help." Plaintiff notified Defendants Arpaio and John Doe but "still did not receive medical help for these issues."

Plaintiff alleges the following facts in Count Three: On or about November 15, 2013, Plaintiff bit into a piece of food that contained a foreign object that broke his lower denture. Plaintiff notified Defendant John Doe #3, and "after not being treated for [his] issues," he notified Defendants Arpaio, John Doe, and John Doe #2, but "was not given treatment for this dental issue." None of the Defendants "responded to Plaintiff's requests for help, nor looked into the matter." Eating without a lower denture "was so painful that most [of] the time [Plaintiff] couldn't b[ear] to eat what little food [he] was given." Plaintiff suffered "painful mouth injuries, bleeding gums, cuts to [his] gums, severe weight loss and physical pain from lack of food."

### III.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### A.     Conditions of Confinement

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth

Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citation omitted).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834 (citations omitted). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. *Id.* (citations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002). Whether conditions of confinement rise to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to those conditions. *Keenan v. Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

Allegations of overcrowding, without more, do not state a claim under the Eighth and Fourteenth Amendments. *See Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982). A plaintiff may, however, state a cognizable claim where he or she alleges that overcrowding results in some unconstitutional condition. *See, e.g.*, *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension and communicable disease among inmate population); *see also Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that an Eighth Amendment violation may occur as a result of overcrowded prison conditions causing increased violence, tension and psychiatric problems).

With respect to meals, "[t]he Eighth [and Fourteenth] Amendment[s] require[] only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation omitted); *see Frost*, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of confinement). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire*, 12 F.3d at 1456 (citations omitted). An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time. *Id.*

In this case, Plaintiff sufficiently states a claim to require an answer from Defendant Arpaio with respect to the food he was served and the weight loss he allegedly suffered while he was incarcerated in a Maricopa County jail. However, Plaintiff fails to state a claim regarding the other alleged unconstitutional conditions of confinement. It is unclear whether Plaintiff was actually one of three inmates housed in a cell designed for two inmates, and, if so, for how long, and the effects of the alleged overcrowding. He also fails to state when he was on lockdown, for how long, and for how long he was denied the ability to exercise. He also fails to state when he was denied the ability to shower or when he was denied hygiene items. Thus, the Court will not require an answer to those allegations and those allegations are dismissed.

TERMPSREF

- 6 -

### B. Counts Two and Three

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care,

1  without more, is insufficient to state a claim against prison officials for deliberate
2  indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
3  (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of
4  "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

5  Plaintiff fails to state a claim for denial of medical care in Counts Two and Three.
6  In Count Two, Plaintiff makes the vague allegation that "after requesting help from the
7  medical staff, John Doe #2, I was denied help."  He then alleges that "after notifying both
8  Defendants Joseph M. Arpaio and Captain John Doe[,] I still did not receive medical help
9  for these issues[.]"  Plaintiff fails to state when he requested help from any of these
10 Defendants, how he made his requests for help, or what their responses were.

11 Similarly, in Count Three, Plaintiff alleges that he "after notifying John Doe #3
12 the dentist of the Maricopa County Jail, and after not being treated for my issues[,] I
13 further notified Defendants Joseph Arpaio, Captain John Doe, Medical Doctor John Doe
14 #2[.]  I was not given treatment for this dental issue."  Again, Plaintiff fails to state when
15 he requested help, how, or what response(s) he received to support that Defendants were
16 aware that Plaintiff had a serious medical need and failed to respond to that need.
17 Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-
18 21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v.*
19 *Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a
20 liberal interpretation of a civil rights complaint may not supply essential elements of the
21 claim that were not initially pled.  *Id*.

22 Accordingly, Counts Two and Three will be dismissed without prejudice.

23 **IV.   Claims for Which an Answer Will be Required**

24 Plaintiff sufficiently states a claim for lack of adequate food against Defendant
25 Arpaio and Defendant Arpaio will be required to answer the allegations regarding the
26 lack of food and Plaintiff's alleged injuries in Count One.

27 . . . .

28 . . . .

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts Two and Three and the allegations in Count One unrelated to Plaintiff's food claims are **dismissed** without prejudice.

(2) Defendants John Doe, John Doe #2 and John Doe #3 are **dismissed** without prejudice.

(3) Defendant Arpaio must answer the food-related allegations in Count One.

(4) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 10), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

> (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and
>
> (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service

form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant Arpaio must answer the insufficient food allegations in Count One of the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 1st day of July, 2014.

Stephen M. McNamee
Senior United States District Judge

TERMPSREF